IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | |
|---|---|
| JOSE RIVAS, | Case No.: 4:22-cv-3160 |
| Plaintiff, | |
| vs. | **COMPLAINT AND REQUEST FOR JURY TRIAL AT LINCOLN, NEBRASKA** |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

COMES NOW Plaintiff, Jose Rivas, by and through his attorney, James L. Cox, Jr., of Brent Coon & Associates, PC, and by way of claim against Defendant alleges, avers and states:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a Delaware corporation, was and is now a duly-organized and existing corporation doing business in the States of Iowa, Kansas, Nebraska, and other states, with its principal place of business in Omaha, Nebraska.

2. Defendant was at all times herein mentioned and is now engaged in the business of a common carrier by railroad in interstate commerce in Iowa, Kansas, Nebraska, and other states.

3. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly affected said interstate commerce.

4. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et seq.* ("The Federal Employers' Liability Act"), regulations promulgated under the

authority of those sections, and other federal safety laws.

6. Under the terms of the Federal Employers' Liability Act, and *BNSF v. Tyrell*, 137 S.Ct. 1549 (2017), this court has jurisdiction.

7. This claim is filed timely pursuant to 45 U.S.C. § 56.

**FIRST CLAIM FOR RELIEF**
45 U.S.C. § 51-60, *et seq.*

8. Plaintiff incorporates herein Paragraphs 1-7 of GENERAL ALLEGATIONS.

9. On January 7, 2021, Plaintiff was employed by Defendant as a track laborer working on one of Defendant's tie gangs near Clinton, Iowa.

10. On that date and at that location, the gang Plaintiff was assigned to was assisting in building new concrete switches.

11. To build a concrete tie switch, the ties are pre-ordered and numbered, and then assembled in numerical order (the ties are of differing lengths). On the day of Plaintiff's injury, the gang had been provided a concrete tie that had been formed differently and did not match the other ties in the switch group. The incongruent tie had a metal plate instead of a pad that is placed between the base of the rail and the tie. Because of this metal plate, the immediately adjacent ties could not be seated on to their pads. Attempts to install the rail on the incongruent tie failed. The tie was bad-ordered and was to be removed by machine prior to completion of the concrete tie switch.

12. Plaintiff was assisting in removing the metal plate from the incongruent tie. Removal of the plate required nipping between the rail and the tie to free up the metal plate so that it could be manually pulled out. Plaintiff positioned himself on the outside of the ties and, standing on the ground, placed the tip of the nipping spoon between the rail and the incongruent

tie. The ties adjacent to the incongruent tie were being held in place off the ground by hydraulic jacks.

13. Plaintiff applied nipping pressure to the metal plate to attempt to remove it from the concrete tie on which it had been installed when a concrete tie near the incongruent tie broke, allowing the skeletonized ties to drop onto the base rails. When this occurred, the tie instantaneously pinched the nipping spoon, forcing it out of Plaintiff's hands and striking the right side of his head.

14. As a result of the blow to his head, Plaintiff was knocked unconscious.

15. At the time and place of Plaintiff's injury, and before, Defendant, Union Pacific Railroad Company, had the statutory non-delegable duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

> (a) the duty to investigate, implement, and institute reasonably safe methods and procedures for the construction of concrete tie switches;
>
> (b) the duty to provide its employees, including Plaintiff, with reasonably safe and adequate tools and equipment with which to work;
>
> (c) the duty to inspect the concrete ties to be installed in a concrete tie switch to find apparent inconsistencies; for example, a metal plate on the tie;
>
> (d) the duty to provide an adequate number of track jacks to support the concrete ties while they are in the process of being attached to the rails; and

      (e)    in among other ways that discovery may reveal.

16. At the time and place of Plaintiff's injury and before, Defendant, Union Pacific Railroad, breached the statutory non-delegable duties enumerated above.

17. Defendant, through its agents, servants, and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

18. Defendant's negligent breach of its statutory non-delegable duties caused or contributed to the following permanent and progressive injuries to Plaintiff:

      (1)    Concussion.

      (2)    Head injury with loss of consciousness.

      (3)    Major neurocognitive disorder secondary to traumatic brain injury.

      (4)    Major depressive disorder.

      (5)    Generalized anxiety disorder.

      (6)    Vertigo.

      (7)    Tinnitus.

19. Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will in the future impair Plaintiff's ability to enjoy life.

20. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and therapists, and for medicine, x-rays, and hospitalization.  Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

21. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

22. By reason of the facts hereinabove stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity, loss of fringe benefits, and diminished retirement benefits, all to his damage.

23. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff has sustained past physical pain and mental suffering, mental anguish, and impairment of self-esteem, and will in the future sustain physical pain, mental suffering, mental anguish, and impairment of self-esteem.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 5th day of August, 2022.

    s/James L. Cox, Jr.
James L. Cox, Jr., Nebraska Bar #20223
Attorney for Plaintiff
BRENT COON & ASSOCIATES, PC
3801 E. Florida Ave., Suite 905
Denver, CO 80210-2500
Telephone: (303) 756-3243
Fax: (303) 756-3595
jim.cox@bcoonlaw.com

Plaintiff's Address:
10 S. Pony Meadows Ct.
Wichita, KS 67232